**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1594
_____

TONY E. RARDON, individually and as personal representative
of the Estate of Decedent Danette L. Rardon,
*Appellant*

v.

FALCON SAFETY PRODUCTS, INC.; DOE COMPANY DEFENDANTS #1-10;
WAL-MART STORES EAST, LLC; WAL-MART STORES EAST, LP;
WAL-MART STORES, INC.; WALMART, INC.

_____

No. 23-1596
_____

BRIAN KELLEY; ROBIN KELLEY, Individually and as Personal Representatives and
General Co-Administrators of the Estate of J.K., their minor child, deceased; J.O., a
Minor, Individually, and as Successor-In-Interest to the Estate of H.H., deceased, and as
Successor-In-Interest to the Estate of Sara Schneider deceased, by and through his Co-
Guardians Ad Litem; TROY OLIVER; JUDY SCHNEIDER, as Guardians Ad Litem for
J.O., a Minor Individually, and as Successor-In-Interest to the Estate of H.H., deceased,
and as Successor-In-Interest to the Estate of Sara Schneider, deceased,
*Appellants*

v.

AW & HO HOLDINGS, INC.; AW DISTRIBUTING, INC.; AW PRODUCT SALES &
MARKETING, INC.; DAIHO SANGYO, INC.; GIRL SCOUTS OF THE UNITED
STATES OF AMERICA; ALICE HO; KENNIC HO; WAL-MART STORES EAST,
LLC; WAL-MART STORES EAST, LP; WAL-MART STORES, INC.; WALMART,
INC.; JOHN DOE COMPANY DEFENDANTS #2-10
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(Civil Action Nos. 2:23-mc-00002 & 2-23-mc-00001)
District Judge: Hon. Nitza I. Quiñones Alejandro
———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2023
———————

Before: SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges.</u>

(Filed: August 21, 2023)

———————

OPINION[*]
———————

CHUNG, <u>Circuit Judge</u>.

In this consolidated appeal, we are asked to vacate orders quashing subpoenas ad testificandum ("subpoenas") issued to CRC Industries, Inc. ("CRC"), a non-party. We will vacate the quashing orders because the District Court did not fully conduct the required analysis.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>[1]

The Appellants are two groups of families in separate civil actions ("Underlying Actions") whose loved ones were injured or killed in automobile accidents. Appellants

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Since we write only to benefit the parties, we will briefly recite the facts.

allege that the at-fault drivers were impaired by the drivers' intentional inhalation ("huffing") of aerosol dust removers ("compressed air"). In the Underlying Actions, Appellants brought product-liability suits against manufacturers and retailers of compressed air containing "1, 1-Difluoroethane ('DFE')." Appellant ("Appl.") Br. at 4. DFE allegedly causes a high and compromises neurological function when huffed. In the Underlying Actions, Appellants allege that the defendant compressed air manufacturers and retailers knew that their compressed air products were misused for huffing and did not take adequate measures to prevent the abuse and any resulting injuries. As part of their defense, defendants have argued that their compressed air products contain a bitterant that discourages huffing.

To counter defendants' argument that the bitterant was an appropriate and adequate anti-huffing measure, Appellants issued subpoenas to CRC, a non-defendant. CRC is a manufacturer of a compressed air product containing DFE and has discontinued use of the bitterant in its own product (the "CRC Duster"). The subpoenas commanded CRC to answer twelve questions about the CRC Duster related to CRC's decision to discontinue use of the bitterant.[2] CRC objected and eventually moved to quash the

---

[2]      Counsel for Appellants are members of a law firm ("the law firm") that routinely litigates compressed air cases. The law firm filed suit against CRC on behalf of other plaintiffs in other compressed air actions in the District of Minnesota and the state of Oregon. See McDougall v. CRC Indus., Inc., No. 20-cv-1499 (D. Minn.); Braasch-Berry v. CRC Indus., Inc., No. 21-cv-32021 (Or. Multnomah Cnty. Cir. Ct.). In the course of litigating against CRC, the law firm learned through a CRC deposition that CRC discontinued use of the bitterant in 2012 because there was "no evidence" that the bitterant "was actually preventing inhalant abuse." Joint Appendix ("JA") 99-100.

subpoenas.  In its motion to quash, CRC argued that the testimony sought was not relevant to the Underlying Actions and that there was no need for its testimony.  CRC also argued that compliance would be unduly burdensome because Appellants could endlessly subpoena CRC in compressed air cases, even when CRC was not a party.

The District Court granted CRC's motion and quashed the subpoenas.[3]  Though it determined that the subpoenas sought relevant information, the District Court relied on evidence found on the law firm website and concluded that CRC demonstrated that compliance would impose an undue burden upon it.  The firm website contained detailed information about the firm's practice in compressed air litigation and included a solicitation, stating: "If you or a loved one has been harmed by a driver who was under the influence of compressed air, our experienced attorneys can help you seek compensation."  JA 15, 21.  The District Court determined—based on the firm website— that the possibility that CRC could be subpoenaed in future compressed air cases imposed an undue burden on CRC.  In so finding, the District Court noted that, even if compliance would only require "cursory re-preparation" of responses by CRC, such would still be unduly burdensome "if those subpoenas and depositions continued indefinitely."  Id. Thus, it held that CRC had established that the subpoenas imposed an undue burden because the "detailed webpage on compressed gas that solicits more huffing plaintiffs demonstrates the concrete nature of [CRC's] injury."  Id.

---

[3]     The District Court issued two nearly identical orders quashing the subpoenas. See JA 13-15 (for the matter of Rardon v. Falcon Safety Prods., Inc., No. 20-6165 (W.D. Mo.); id. at 19–22 (for the matter of Kelley v. AW Distrib., Inc., No. 20-6942 (N.D. Ca.).

4

Appellants timely appealed.

## II. ANALYSIS[4]

We review a district court's decision to quash a subpoena for abuse of discretion. In re Bestwall LLC, 47 F.4th 233, 242 (3d Cir. 2022) (citing Wedgewood Vill. Pharm., Inc. v. United States, 421 F.3d 263, 268 n.5 (3d Cir. 2005)). An abuse of discretion occurs where a district court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact." Wedgewood Vill. Pharm., Inc., 421 F.3d at 268 n.5 (quoting NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992)). An improper application of law to fact may occur "when a court, in making a discretionary decision, relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them." Bacardí Int'l Ltd. v. Suárez & Co., 719 F.3d 1, 9 (1st Cir. 2013) (quoting Matamoros v. Starbucks Corp., 699 F.3d 129, 138 (1st Cir. 2012)); City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 785 F.3d 1207, 1210 (8th Cir. 2015) (same).

---

[4]     The district courts in which the Underlying Actions were filed have jurisdiction pursuant to 28 U.S.C. § 1332. The United States District Court for the Eastern District of Pennsylvania had jurisdiction over the motions to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45 because compliance with the subpoena was required at CRC's principal place of business in Horsham, Pennsylvania. Fed. R. Civ. P. 45(d)(3) (explaining that a motion to quash a subpoena may be filed in "the court for the district where compliance is required"). Because Appellant's only means of obtaining appellate review of the District Court's orders lies with this Court, the orders are final, and we have jurisdiction under 28 U.S.C. § 1291. In re Bestwall LLC, 47 F.4th 233, 241–42 (3d Cir. 2022) (citing In re Madden, 151 F.2d 125, 127 (3d Cir. 1998)).

Under Federal Rule of Civil Procedure 45, parties may issue subpoenas to command a person to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). The information sought is subject to general rules of discovery including that it must be relevant. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."); see also Rendon Grp., Inc. v. Rigsby, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it.") (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2452, at 392-393 (3d ed. 2008)).[5]

A District Court "must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Pertinent factors weighed in the undue burden analysis include relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance.[6]

---

[5] The parties do not dispute the relevance of the subpoenas.

[6] Courts consider motions to quash subpoenas requesting either testimony or documents using these factors. See, e.g., Leonard v. Martin, 38 F.4th 481, 489 (5th Cir. 2022) (factors to be weighed are "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed") (quoting Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)); Jordan v. Comm'r, Miss. Dep't of

6

Appellants argue that the District Court improperly determined that the subpoenas would cause an undue burden on CRC because it based its decision solely on a statement from the firm's website requesting that persons affected by "DFE-related injuries and death" contact the attorneys. JA 15, 21. Because the potential risk of future litigation is a speculative burden to CRC, Appellants argue that it is an insufficient basis to quash the subpoenas. We agree.

In finding that the subpoenas imposed an undue burden on CRC, the District Court relied solely on the future possibility that Appellants' counsel would successfully solicit more plaintiffs, file additional lawsuits, and subpoena CRC for depositions "indefinitely." JA 15, 21. It did not analyze or balance factors such as the need for the information sought, the costs of compliance, CRC's non-party status, whether less burdensome ways to obtain the relevant information are available,[7] and what impact that may have on relevance and Appellants' need for the information sought. The District Court's opinion also cites no case law—and we have found none—demonstrating that the hypothetical

Corr., 947 F.3d 1322, 1337 (11th Cir. 2020) (court may consider relevance, burden imposed, and non-party status); In re Mod. Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018) (courts must balance Wiwa factors; non-party status may be considered); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2023) (undue burden analysis "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source").

[7] For example, Appellants allege that, in deciding to discontinue use of the bitterant, CRC relied on a Consumer Product Safety Commission report as well as conversations with the bitterant patent holder and a consumer group. JA 99, 102–104. Presumably, Appellants can make similar efforts to obtain the report and confer directly with the patent holder and consumer group.

risk of responding to future subpoenas alone constitutes an undue burden.[8]  It may be the case here that the District Court will ultimately conclude that the benefits of the subpoenas do not outweigh the burdens imposed on CRC as a non-party.  Given the record before us, however, we find that a more fulsome undue burden analysis is required and that reliance on the website alone was an abuse of discretion.  Bacardí Int'l Ltd., 719 F.3d at 9; Wedgewood, 421 F.3d at 278 n.5.  Accordingly, we will vacate and remand so that the District Court can conduct this analysis.

## III.    CONCLUSION

For the foregoing reasons, we will vacate the District Court's order quashing Appellants' subpoenas and remand so that the District Court may conduct the undue burden analysis described herein.[9]

---

[8]    We note, however, that district courts within our Circuit have rejected speculative burdens as supporting an undue burden under Rule 45.  See, e.g., Charter Oak Fire Ins. Co. v. Am. Capital, Ltd., No. 1:12-mc-00358, 2012 WL 5862735, at *3 (M.D. Pa. Nov. 19, 2012) (rejecting non-parties' "purely speculative" argument that a subpoena imposed an undue burden because they might be deposed a second time); Green v. Cosby, 314 F.R.D. 164, 173 (E.D. Pa. 2016) (no undue burden where movant raised purely speculative concerns about public disclosure of potentially sensitive information); City of St. Petersburg v. Total Containment, Inc., No. 06-cv-20953, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (no undue burden where movant "raise[d] idle and unsubstantiated conjecture about the possible actions of anonymous 'competitors'").

[9]    Judge Shwartz, however, would reverse rather than vacate and remand because: (1) before the District Court, CRC relied on only the hypothetical burden of future subpoenas to support its argument; (2) as made clear by the cases her colleagues cite, such a hypothetical burden is an insufficient ground for quashing a subpoena, and (3) CRC should not be given another "bite at the apple" to raise arguments not previously presented to the District Court in support of the motion to quash.